HATTAWAY, executrix, *v.* HODGSON COTTON COMPANY.

ATKINSON, J. 1. If an executrix of a will purchases goods for the estate which she represents and executes a note therefor by signing her name followed by the word "Extr.," and a suit is instituted by the creditor in two counts, (1) on the note, and (2) on the original cause of action, and on demurrer complaining that the note is the individual contract of the maker the first count is stricken, to which ruling there is no exception, the defendant can not thereafter object to the second count on the ground that the original cause of action was merged in the note.

2. The third and fourth items of the will, "I wish said realty rented each year during said term of twenty years or the remainder of said term by said Anderson and Hattaway, and the rents to be applied to any debts they may contract and the interest on same, for the purpose of holding said realty entire during said twenty years or the remainder of said term," and "And as soon as said Anderson and Hattaway shall pay all debts they may contract, I direct that all rents and profits derived from said realty during said term of twenty years or the remainder of said term be used as the said Anderson and Hattaway may

think best," considered in connection with all the provisions of the will, was sufficient to authorize the executrix to contract debts where reasonably necessary to keep the "realty entire" during the period of twenty years as specified in the will, and payment of such debts was not restricted to rents derived from the realty.

3. The judge did not err in allowing count 2 of the petition, based on the original cause of action, to be amended, over the objections stated, by adding: "Said fertilizer was purchased by said executrix in accordance with the authority conferred upon her by said will, and for the purpose of operating said farm in keeping said realty entire, as it was necessary to pay the taxes on the lands of said estate and to preserve said land from washing away, and to keep up the repairs on the buildings on said farm. There was no other source from which any income could be derived, except from the cultivation of this farm. That tenants were unable to procure fertilizer which was necessary for the proper cultivation of said land, unless the executrix purchased said fertilizer for them. That the executrix had no funds with which to pay for said fertilizer, nor could the executrix borrow the money for said estate. All of this was necessary to preserve said land entire, as provided in said will."

4. There was no error in overruling the demurrer to count 2 as amended.

5. The evidence for plaintiff was sufficient to support the allegations of the petition as contained in count 2 as amended, and there was no error in overruling the motion for a nonsuit.

6. Under the pleadings and the evidence the following charge was not erroneous: "Under the law it is the duty of the court to construe a will; and the construction that I put upon that will is that Mrs. Saffold, when she made this will, intended that this property was to be kept entire for twenty years, and that it was to be rented, and that her executrix, either or both, had the right to do that which was necessary in order to rent the property in order to keep the estate entire. I charge you that under that will, if it was necessary in order to rent the property, as provided in the will, and to keep the estate entire and intact for a period of twenty years, if it was necessary to buy fertilizer, why then I charge you that she had a right to buy the fertilizer; and if she did buy it, the estate is bound to pay for it. Now, if you gentlemen believe that this fertilizer was furnished as charged in the petition, and if you believe it was furnished as the account states, and it was necessary, as I have stated to you, for the estate to have that in order to preserve the estate under the will for twenty years, then the estate should pay for it."

7. The evidence was sufficient to support the verdict for the plaintiff, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 6808. September 10, 1929.

12

*Shackelford & Shackelford,* for plaintiff in error.
*Erwin, Erwin & Nix,* contra.